THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DANA GILLIAM,** | ) |
| **Plaintiff,** | ) |
| v. | ) **CIVIL ACTION NO.** |
| **LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES L.P.,** | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

**COMES NOW** Defendants Resurgent Capital Services L.P. ("Resurgent") and LVNV Funding LLC ("LVNV") (collectively, "Defendants"), by and through undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses available under the federal laws of bankruptcy, and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.*, hereby gives notice of the removal of this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. In support thereof, Defendants respectfully show unto the Court as follows:

### I. INTRODUCTION

1. Plaintiff Dana Gilliam ("Plaintiff") commenced this action by filing a Complaint against Defendants in the Circuit Court of Jefferson County, Alabama, Case Number 01-CV-2025-902515.00, on or about June 23, 2025. (*See* Complaint, attached hereto with the state court file as **Exhibit A**.)

2. Defendants were served with Plaintiff's Complaint on or about June 27, 2025.

3. The Complaint asserts that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*

4. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5. Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

## II. FEDERAL QUESTION JURISDICTION

6. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against Defendants under the FDCPA, which is a federal consumer protection statute. *See* Compl.; *see also* 15 U.S.C. § 1681 *et. seq.*

8. Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

### III. ADOPTION AND RESERVATION OF DEFENSES

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any affirmative defenses, including but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Alabama law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise. Defendants also reserve the right to demand arbitration pursuant to any contractual agreements with Plaintiff and the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.*

### IV. PROCEDURAL REQUIREMENTS

10. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

11. True, correct, and certified copies of "all process, pleadings, and orders" from the state court action are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendants to date in this case.

12. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

13. Defendants have not previously sought similar relief.

14. The United States District Court for the Northern District of Alabama, Southern Division, is the District and Division embracing the place where this action is pending in state court.

15. Defendants reserve the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

16. Contemporaneously with the filing of this Notice of Removal, Defendants have filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Circuit Court of Jefferson County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted this 28th day of July, 2025.

> */s/ R. Frank Springfield*
> R. Frank Springfield (SPR024)
> Jackson C. Burrow (BUR232)
> BURR & FORMAN LLP
> 420 North 20th Street, Suite 3400
> Birmingham, AL 35203
> Telephone: (205) 251-3000
> fspringfield@burr.com
> jburrow@burr.com
>
> Attorneys for Defendants
> RESURGENT CAPITAL SERVICES L.P. AND
> LVNV FUNDING LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of the Court using CM/ECF and has been served on the following by Notice of Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this the 28th day of July, 2025:

John G. Watts
M. Stan Herring
Patricia S. Lockhart
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 879-2447
john@wattsherring.com
stan@wattsherring.com
patricia@wattsherring.com
*Attorneys for Plaintiff*

>   */s/ R. Frank Springfield*
>   OF COUNSEL